080177.6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FM. INDUSTRIES, INC., an Illinois corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>The Law Offices of Ross Gelfand, LLC, et al.,<br><br>　　　　　Defendants. | No.　08 C 517<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Arlander Keys |

**MOTION OF DEFENDANT, HOSTO & BUCHAN PLLC,
TO STAY THE PROCEEDINGS**

Defendant, HOSTO & BUCHAN PLLC ("Hosto & Buchan"), by its attorneys, John J. Duffy, Karen Kies DeGrand, Charles S. Ofstein, Edward E. Fu and DONOHUE BROWN MATHEWSON & SMYTH LLC, joins the previously-filed motion to stay of co-defendants, the Law Offices of Ross Gelfand, LLC, and R&B Collections, Inc., and moves this Court to stay the proceedings until the resolution of case number 07 C 1794 pending before Judge Suzanne B. Conlon. In support thereof, Hosto & Buchan states as follows:

**INTRODUCTION**

On January 23, 2008, Plaintiff, FM Industries ("FMI"), filed this action against five law firms and a collection agency. The law firms provided debt collection legal service to a mutual client, Citicorp Credit Services, Inc. ("CCSI"). In the course of providing legal services to CCSI, all of the law firm defendants, including this defendant, Hosto & Buchan, allegedly used software that FMI claims it developed and owns. In Counts I and II FMI claims that Hosto & Buchan and the other firms infringed FMI's copyright under 17 U.S.C. § 501 by continuing to "utilize" the software

program, called TUCANS, after a licensing agreement expired. All of the law firm defendants allegedly used TUCANS after CCSI stopped doing business with FMI in May of 2005.

FMI previously filed a lawsuit against co-defendants, the Law Offices of Ross Gelfand, LLC ("Gelfand"), James D. Cortez ("Cortez") and others based on nearly identical allegations of copyright infringement and breach of contract. Gelfand and R&B Collections, Inc. ("R&B") filed a motion to stay this matter pending disposition of the earlier-filed matter, case number 07 C 1794, pending before Judge Suzanne B. Conlon. That case also arises from the alleged use of TUCANS by CCSI's attorneys after CCSI stopped using FMI's debt collection software. Hosto & Buchan joins Gelfand's and R&B's motion to stay and incorporates arguments I and III contained in the motion to stay as though fully set forth herein. Hosto & Buchan supplements those arguments as follows.

## ARGUMENT

I.  **JUDGE CONLON HAS RULED THAT FMI IS PRECLUDED FROM RECOVERING STATUTORY DAMAGES OR ATTORNEYS FEES UNDER THE COPYRIGHT ACT; THE RULING SHOULD BAR FMI FROM RECOVERING SUCH DAMAGES IN THIS CASE, AND ADDITIONAL RULINGS AT TRIAL MAY HAVE A PRECLUSIVE EFFECT HERE.**

On March 17, 2008, Judge Conlon ruled on several motions brought at the close of discovery in case 07 C 1974. The order disposed of all claims with the exception of whether FMI can prove a copyright infringement claim against Gelfand for equitable relief. (See March 17, 2008 Memorandum Opinion and Order, attached as Exhibit A.) Citing 17 U.S.C. § 412, Judge Conlon ruled that FMI may not recover statutory damages or attorneys fees because the alleged infringement preceded the effective date of the relevant copyright registration. That prohibition also is applicable, Judge Conlon ruled, because the relevant work was published before the alleged infringement, and FMI did not register its copyright within three months of first publication. (Exhibit A, memorandum opinion at 10.) Further, Judge Conlon ruled that FMI offered no evidence to substantiate its claim

for actual damages against Gelfand. (*Id* at 11.) She also entered judgment in favor of Gelfand on the breach of contract claim. (*Id*. at 11-12.)

In the 07 C 1794 case, FMI alleged that Gelfand, one of CCSI's attorneys, infringed the same version of TUCANS that FMI claims was infringed by Hosto & Buchan and the other attorney defendants in this case, 08 C 517. FMI alleges that "the version of the T.U.C.A.N.S. program used by the attorneys to infringe FMI's copyright was produced and published in 2004 and known as version 5.6." (D.E. 1, at 10, ¶ 53.) FMI refers to the same version of TUCANS in the 07 C 1794 case. (Exhibit A to Gelfand's Motion to Stay, at 8-9, ¶ 45, n. 1.) In both cases FMI claims that the effective date of the copyright registration for that version was April 4, 2007. (Exhibit A, at 9, ¶ 47; D.E. 1, at 9, ¶ 49.) In both cases the alleged infringement occurred after "the termination date," July 10, 2005. (D.E. 1, at 6-7, ¶ 33, and Exhibit F thereto; Exhibit A to Gelfand's Motion to Stay, at 6, ¶ 33, and Exhibit G thereto.) The termination date was the same date for all of the attorneys who performed debt collection work for CCSI and used the TUCANS software. (*Id.*)

Judge Conlon has set case number 07 C 1794 for trial on May 7, 2008. (See minute order dated May 17, 2008, attached as Exhibit B.) Gelfand has requested that Judge Conlon clarify the minute order to reflect that the case will proceed to a bench trial, and also has requested that Judge Conlon reset the trial due to Ross Gelfand's anticipated trip to Israel from May 5 to May 13, 2008. (See Exhibit C, Gelfand's Motion to Clarify.) That motion is scheduled for presentment on March 27, 2008. Given the streamlining of the issues by Judge Conlon's May 17, 2008 memorandum opinion and order, the trial likely will not exceed one or two days in duration. Thus, it is anticipated that Judge Conlon will resolve the remaining issues of liability and ownership, for purposes of equitable relief, by the end of June, 2008.

With respect to the claims that Judge Conlon has addressed and is anticipated to resolve in the 07 C 1794 case, the doctrine of collateral estoppel may apply, and may bar FMI from relitigating

issues that were decided against it in earlier proceedings. *See Adair v. Sherman*, 230 F. 3d 890, 893 (7th Cir. 2000); *Miller Brewing Co. v. Schlitz Brewing Co.*, 605 F. 2d 990, 992 (7th Cir. 1979). For those issues that FMI actually litigated in the prior adjudication that are identical to the issues presented in the current lawsuit, after a final judgment on the merits is issued, this Court should bar relitigation of the issue, because FMI will have had a full and fair opportunity to present its case. *See Adair,* 230 F. 3d at 893.

## CONCLUSION

Defendant HOSTO & BUCHAN, PLLC, for the reasons stated above and in the motion to stay of co-defendants, the Law Offices of Ross Gelfand, LLC and R&B Collections, Inc., respectfully requests entry of an order staying the proceedings until the resolution of case number 07 C 1974 pending before Judge Suzanne B. Conlon and for any other relief this Court deems necessary and proper.

Respectfully submitted,

HOSTO & BUCHAN PLLC

s/ *Karen Kies DeGrand*
Karen Kies DeGrand (karen.degrand@dbmslaw.com)

DONOHUE BROWN MATHEWSON & SMYTH LLC
John J. Duffy (ARDC No. 6224834)
Karen K. DeGrand (ARDC No. 6191140)
Charles S. Ofstein (ARDC No. 6230050)
Edward E. Fu (ARDC No. 6289519)
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:     (312) 422-0900
Facsimile:      (312) 422-0909