UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FM. INDUSTRIES, INC., an Illinois Corporation | ) ) ) ) ) Case No. 08 C 517 ) ) Judge Joan H. Lefkow ) ) ) Magistrate Judge Arlander Keys ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| The Law Offices of Ross Gelfand, LLC.; R & B Collections Inc., a Georgia Corporation; Hosto, Buchan, Prater & Lawrence, PLLC, as Successor In Interest to Hosto & Buchan, PLLC; Law Offices of Harris & Zide; Regent & Associates, LLP; and James D. Cortez, Attorney at Law | |
| Defendants. | |

**PLAINTIFFS FM INDUSTRIES INC. RESPONSE TO DEFENDANTS, LAW OFFICE OF ROSS GELFAND, LLC, R&B COLLECTIONS, AND JAMES D. CORTEZ, <u>MOTION TO STAY PROCEEDINGS</u>**

NOW COMES Plaintiff, FM INDUSTRIES INC. ("FMI"), by and through its attorney, Wayne Rhine, and in Response to Defendants Motion to Stay Proceedings, states as follows:

**INTRODUCTION**

1. On January 23, 2008, FMI filed a multi-count complaint against Law Offices of Ross Gelfand, LLC., R&B Collections Inc., James D. Cortez, Harris & Zide, LLP., and Hosto & Buchan, PLLC, alleging varies claims of Copy Infringement pursuant to 17 U.S.C. sec. 501, and 106(3), breach of contract, conversion and unjust enrichment.

2. FMI had previously filed a multi-count complaint against Law offices of Ross Gelfand, LLC, Citicorp Credit Services Inc., Citigroup, Citbank South Dakota N.A., and James D.

1

Cortez.[1]  This litigation is currently pending in front of the Honorable Judge Conlon, under case number 07 C 1794 and is presently set for trial in May 2008[2].

3. Although Defendants would have this court believe that the current allegations pending in 08 C 517 are nearly identical to the issues in 07 C 1794, this position misconstrues the allegations and issues alleged in 08 C 514.  There is no just reason to delay or stay these proceedings until the outcome or resolution of 07 C 1794.  Both complaints may be similar in form and content, however, the allegations are clearly distinguishable and different from those alleged in 07 C 1794.

4. FMI has an absolute right to pursue any cause of action for the damages it has suffered over the years and the outcome in 07 C 1794 shall have no bearing on the impact of allegations alleged under 08 C 514.  In fact, four of the Defendants; R&B Collections, Inc., James D. Cortez, Harris & Zide, LLP., and Hosto & Buchan, PLLC., were not even named parties in the previous action and have set forth no viable reason as to why FMI should be stayed from pursuing any legal rights it may have.

5.  The allegations alleged against Law Offices of Ross Gelfand are distinct from 07 C 1794 in that the new allegations allege the improper distribution of the TUCANS software to a separate and distinct corporation (R&B collections Inc., hereinafter R&B) which is wholly owned and operated by Ross Gelfand.  In 08 C 517, FMI's allegations are based upon the wrongful distribution of the TUCANS software to R&B Collections, Inc. This differs from the allegations in 07 C 1794, whereby it focuses entirely on the unauthorized use of TUCANS system subsequent to the termination of the licensing

---

[1] That James D. Cortez was previously dismissed without prejudice from 07C1794 due to FMI's inability to serve said Defendant with process.
[2] Although Ross Gelfand has a motion to re-set the trial date which is set for hearing on April 7, 2008, before Judge Conlon.

agreement. Moreover, the breach of contract action also focuses on the wrongful distribution, a direct violation of the terms and differs from 07 C 1794, which relates only to the unauthorized use of TUCANS after the termination of the licensing agreement. The allegations of copyright infringement are clearly distinguishable from the alleged conduct in 07 C 1794. That there were no allegations complained of in 07 C 1794 that referred to the illegal distribution of the TUCANS software in violation of 17 USC §106(3).

6. As for R&B Collections Inc., their continued unauthorized use of the TUCANS system for a period of five plus years,[3] not only infringed on FMI's copyright but did so without any licensing agreement or knowledge thereof. That its illegal use of the TUCANS system was done without authorization from FMI and without any licensing agreement to justify its use.

7. There is no justifiable reasoning in which this court should recognize that would prevent FMI from pursuing its legal rights without the necessity of staying the proceedings pending the outcome of 07 C 1794. It is apparent that the allegations are not only different and distinct from 07 C 1794 but the parties and legal theories have little in common with the allegations alleged in 07 C 1794.

8. Lastly, Defendants Motion to Reassign based on relatedness was previously denied by Judge Conlon on February 5, 2008. Therefore, FMI sees no reasons as to why any matters set forth in 08 C 517 should be stayed during the pendency of 07 C 1794.

## ARGUMENT
(Gelfand's Motion to Stay)

9. Gelfand's motion sets forth a number of factual misrepresentations in its attempt to persuade this court that all counts of FMI's new complaint 08 C 517 are identical and

---

[3] FMI did not become aware of R&B's unauthorized use of the TUCANS system until Jan 4, 2008.

indistinguishable to FMI's current/pending litigation under 07 C 1794. In addition, Gelfand attempts to place FMI in a false light by suggesting that FMI is trying to "forum shop".

10. Gelfand's motion is silent and makes no mention as to all of the new allegations against Gelfand and R & B collections, Inc. ("R&B") set forth in 08 C 517, as it did not become known to FMI until January 4, 2008.

11. On January 4, 2008 during a deposition of one of Gelfand's purported employees, FMI learned for the first time that the Law Offices of Ross Gelfand, LLC. had distributed the TUCANS system and software to an independent/third-party company known as R & B Collections, Inc., ("R&B"). This illegal distribution of the TUCANS system and software from Gelfand to R & B directly benefited both companies for their own financial gain without FMI's knowledge or authorization.

12. This distribution is a new infringement of FMI's copy written software, separate and distinct from what has been pled in 07 C 01794, against defendant Gelfand.

13. That Ross Gelfand is the president and owner of R & B. During the time of the alleged infringement, Ross Gelfand, and not R&B, had entered into a licensing agreement with FMI and was subject to all terms set forth in said agreement.

14. At no time during the duration of the licensing agreement, nor thereafter, did The Offices of Ross Gelfand LLC., ever disclose this pertinent information to FMI. In fact, Gelfand failed to make known to FMI that an independent/third-party company was using the TUCANS system for its own benefit and for the benefit of The Law Offices of Ross Gelfand LLC. This conduct was in direct violation of the licensing agreement between FMI and Gelfand.

15. FMI's new complaint (08 C 517) sets forth certain allegations against Gelfand and R & B that do arise out of the same factual basis as pled in 07 C 1794.  However, these new allegations are far removed from and unrelated in so many ways.

16. For Example, Gelfand's' motion fails to make reference to the fact that FMI did not become aware of this illegal conduct until January 4, 2008. At which time, FMI immediately prepared a new complaint setting forth separate and distinct causes of action against Gelfand and this independent/third party R& B. That nothing in FMI's pending litigation under 07C 1794 made reference to the illegal distribution of FMI's copy written software.  It is perfectly clear from the pleadings in 08 C 517, that the copyright infringement alleged against Gelfand strictly refers to the unauthorized distribution of the TUCANS software only.  These allegations alleged by FMI are distinguishable and discernable from the allegations alleged against Gelfand in 07 C1794.

17. The new complaint seeks damages for the wrongful distribution of FMI's copy written software (Gelfand) and the illegal usage and copyright infringement against R & B due to its unauthorized use for over five years. That the distribution of FMI's copyright and illegal usage is far removed from and unrelated to the causes of actions alleged in 07 C 1794.

18. The fact that Mr. Cortez was previously dismissed from the pending action and then renamed as a party defendant in the new lawsuit is meaningless at best. FMI has every right to re-file against Mr. Cortez considering the reasoning behind dismissing him out of the original action was due to its inability to obtain proper service after numerous attempts.  FMI admits that the allegations pertaining to James D. Cortez are substantially

similar if not identical to FMI's original claim 07 C 1794, but this should not preclude or prohibit FMI from bringing these causes of action in a separate and distinct lawsuit.

## ARGUMENT
(Hosto & Buchan, Harris & Zide, and James D. Cortez)

19. As a procedural matter, defendants were granted leave to join the motion of Gelfand [D.E. 18] by March 25, 2008. Instead of simply joining the motion, defendants Hosto & Buchan ("HB") and Harris & Zide ("HZ") filed a motion which includes additional argument on March 25, 2008. Additionally, James D. Cortez ("Cortez") filed his motion to join on March 27, 2008, after the time allotted by this court.

20. Nonetheless, FMI contends that the arguments by HB, HZ, and Cortez as to the issue of damages should not cause this court to stay the proceedings as that issue (a) is not a final order, and (b) even if the timeframe for determining this issue is sometime in June 2008 [DE 40 at 3] and if the ruling is against one party or another, that party would have the opportunity to appeal that decision which would cause undue delay in litigating the different issues and facts of this case.

**WHEREFORE**, for the reasons set forth above and for the reasons set forth, FMI respectfully requests that this Honorable Court deny Defendants' Motion to Stay and for such other relief as the Court deems fit.

FM. INDUSTRIES, INC.,

By: ____s/Wayne Rhine_____
Wayne Rhine

6

**WAYNE RHINE**
**Attorney for Plaintiff**
**ARDC #2323990**
**500 W Madison St. #2910**
**Chicago, IL. 60661**
**Phone: (312)474-4532**

## CERTIFICATION OF SERVICE

I, Wayne Rhine hereby certify that on April 1, 2008, I have had Plaintiffs **Response To Defendants Motion to Stay Proceedings,** electronically filed with the Clerk of the U.S. District Court, by way of the ECF filing system which sent notification to the following attorneys of record:

    John J. Duffy (john.duffy@dbmslaw.com)
    Karen Kies Degrand (Karen.degrand@dbmslaw.com)
    Charles S. Ofstein (ofstein@dbmslaw.com)
    All at the Law Firm of
    Donohue, Brown, Mathewson & Smyth, LLC
    140 S. Dearborn, Suite 700
    Chicago, IL 60603

And

    In addition a copy was caused to be mailed First Class on April 1, 2008 to

    Ahn Regent
    Regent & Associates, LLP
    2650 Fountain View Drive
    Suite 233
    Houston, TX 77057
    Fax : 713-490-7075

                                                          _____s/Wayne Rhine_____
                                                                Wayne Rhine