080141.30

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FM. INDUSTRIES, INC., an Illinois corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>The Law Offices of Ross Gelfand, LLC.; R & B Collections Inc., a Georgia corporation; Hosto, Buchan, Prater & Lawrence, PLLC, as Successor in Interest to Hosto & Buchan, PLLC; Law Offices of Harris & Zide; Regent & Associates, LLP; and James D. Cortez,<br><br>                Defendants. | No.   08 C 517<br><br>Judge Joan H. Lefkow<br><br>Magistrate Judge Arlander Keys |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY THE PROCEEDINGS**

Defendants, Law Offices of Ross Gelfand, LLC; R & B Collections, Inc.; Hosto, Buchan, Prater & Lawrence, PLLC, as Successor in Interest to Hosto & Buchan; Law Offices of Harris & Zide; Regent & Associates, LLP; and James D. Cortez, by their attorneys, John J. Duffy, Karen Kies DeGrand, Charles S. Ofstein, Edward E. Fu and DONOHUE BROWN MATHEWSON & SMYTH LLC, reply as follows in support of their motion to stay the proceedings:

**INTRODUCTION**

FMI's response brief fails to address any of the legal arguments raised in defendants' motion to stay the proceedings.  In fact, FMI's response brief contains not a single case law authority to support its brazen contention that "FMI has an absolute right to pursue any cause of action…and the outcome in 07 C 1794 shall have no bearing on the impact of allegations alleged under 08 C 514

[sic]." Rather, FMI relies entirely on the fact that the 08 C 517 case contains a new theory of copyright infringement and some additional defendants. As defendants' opening brief sets forth, however, the addition of such claims and parties to FMI's new complaint is not sufficient to defeat defendants' motion to stay the current proceedings.

FMI misunderstands the law concerning the analysis of whether litigation should be stayed. The relevant inquiry is not whether the two actions are identical but rather, whether there is sufficient overlap between the two actions that would result in duplicative discovery and proceedings. Because the claims in both cases have the same factual basis, discovery in the 08 C 517 case will necessarily duplicate the discovery already completed in the 07 C 1794 case. In fact, Judge Conlon's recent rulings in the 07 C 1794 case already may have a *res judicata* effect on the current case. Since the filing of defendants' motion to stay these proceedings, Judge Conlon has granted summary judgment in Gelfand's favor on the issues of statutory and actual damages, attorneys' fees and breach of contract, leaving FMI with only possible injunctive and declaratory relief for infringement available at the June 16, 2008 trial. (*See* Judge Conlon's order, attached as Exhibit A). Judge Conlon has also denied FMI's motion to reconsider the order granting summary judgment on all claims against Citicorp Credit Services, Inc ("CCSI").

Staying the current action until the resolution of the case before Judge Conlon by trial on June 16, 2008 would avoid duplicative discovery, conserve judicial resources and spare the defendants the expense of defending two like actions. For these reasons and those stated below, this Court should stay the proceedings until the resolution of the 07 C 1794 case.

**ARGUMENT**

I.   **The Addition of A New Theory of Liability Still Results in Duplicative And Unnecessary Discovery.**

FMI erroneously relies on the fact that the current case contains a new theory of recovery against Gelfand to defeat defendants' motion to stay. (FMI's response at pp. 2-4). FMI argues that the current action should not be stayed because the claims against Gelfand in the 08 C 517 are premised on the allegation of improper distribution of the TUCANS software, whereas the claims in the 07 C 1794 case involve the alleged unauthorized use of the TUCANS system. *Id*. This argument fails because it ignores that the relevant test for staying a proceeding is not whether the claims and parties are identical but rather, whether the new claim would result in duplicative discovery and proceedings. *See In re H & R Block Mortgage Corp.*, 2007 U.S. Dist. LEXIS 68032 at * 3 (N.D. Ill. 2007)(citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)); *Heuft Systemtechnik, GmbH v. Videojet Systems Int'l*, 1993 U.S. Dist. LEXIS 6014 at * 9 (N.D. Ill. 1993).

Here, FMI does not dispute that the claims against Gelfand in the 08 C 517 case have the same factual basis as the claims in the prior lawsuit. FMI also does not dispute that discovery in the 08 C 517 concerning Gelfand would overlap discovery that has already taken place in the 07 C 1794 case. As demonstrated in defendants' opening brief, the general allegations in both cases involve substantial overlap, and all of the claims in the 08 C 517 case arise out of Gelfand and other law firms' involvement with the TUCANS software after FMI's client, CCSI, decided to stop doing business with FMI. In fact, FMI readily admits that it had knowledge of the facts that form the basis of the 08 C 517 case during the discovery period in the 07 C 1794 case. According to FMI, during the deposition of one of Gelfand's employees, "FMI learned for the first time that [Gelfand] had distributed the TUCANS system and software to an independent/third-party company known as R &

B Collections, Inc." (FMI response at p. 4). Additionally, although FMI alleges a new theory of infringement (improper distribution) against Gelfand in the 08 C 517 complaint, FMI alleges the same infringement theory (illegal use) that FMI asserted in the 07 C 1794 case against the remaining defendants. FMI also concedes that its allegations against James D. Cortez "are substantially similar if not identical to FMI's original claim [in] 07 C 1794," but that FMI was forced to voluntarily dismiss Cortez due to its dilatory service of process on Cortez. Discovery for the current case necessarily requires duplicating discovery in the prior case.

**II.    FMI's Claims In The 08 C 517 May Be Barred Under *Res Judicata*.**

The current case should be stayed because many of the claims against the attorney defendants here are subject to *res judicata*, and duplicating discovery for those claims would be a waste of judicial resources and the parties' time and expenses. *See Videojet*, U.S. Dist. LEXIS 6014 at * 9. FMI's response brief completely ignores relevant case law that requires the stay of litigation where the prior case would have a *res judicata* effect or result in inconsistent judgments for some of the claims and parties.

The risk that FMI's claims here may be barred under *res judicata* is significant. FMI does not dispute that its claims in the 08 C 517 against Gelfand, including the claims for statutory and actual damages, attorneys' fees and breach of contract arising out of copyright infringement are barred under *res judicata*. Nor can it. Judge Conlon's order granting summary judgment in favor of Gelfand on the above issues precludes FMI from pursuing those claims in the current litigation against certainly Gelfand and his affiliated corporation R&B, but also possibly the other attorney defendants, Hosto, Harris, and Cortez regardless of FMI's attempt to distinguish the infringement claims as "improper distribution" or "illegal use." Both claims arise under the same statutory

authority under the Copyright Act, and Judge Conlon's summary judgment ruling pertaining to damages was based on those same statutory provisions. FMI's declaration that it has an "absolute right" to pursue any claims and that "the outcome in 07 C 1794 shall have no bearing on the impact of allegations alleged under 08 C 514 [sic]" is unfounded and incorrect.

Further, FMI's response brief indicates that FMI either purposely misunderstands the doctrine of *res judicata* or, more than likely, is attempting to forum shop based upon Judge Conlon's order refusing to extend discovery for the third time. *See Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1177 (W.D. Wisc. 2007) ("Plaintiff should not be permitted to start litigating infringement of its patents in one district and then after deciding that things were progressing too slowly or adversely be able to litigate infringement of the exact same patents in a new district by adding similar defendants.") Contrary to FMI's contention, its inability to amend the complaint in the 07 C 1794 case to add the claims for improper distribution against Gelfand cannot be cured by filing a new complaint before this Court.

FMI's candid admission that it knew the facts of the 08 C 517 claim on January 4, 2008 during a deposition in the 07 C 1794 case establishes that the claim for improper distribution of the TUCANS may be barred under *res judicata*. The Seventh Circuit has repeatedly held that judgment in a prior action precludes subsequent action based on the same facts even if different legal theories are used. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913 (7th Cir. 1993) ("A plaintiff may not avoid an earlier judgment on the merits by merely concocting a new legal theory."); *In the Matter of: Energy Cooperative, Inc.,* 814 F.2d 1226, 1231 (7th Cir. 1986) ("An unsuccessful party ought not be able to frustrate the doctrine of *res judicata* by cloaking the same cause of action in the language of a theory of recovery untried in the previous litigation.") Similarly, the Seventh Circuit has held that

claims are precluded if the new facts were known or discoverable during the first action. *Lee v. Peoria*, 685 F.2d 196, 198 (7th Cir. 1982) (holding *res judicata* bars not only those issues which were actually decided in the prior action but also any issues which could have been raised). Thus, because the claim for infringement based on improper distribution against Gelfand existed at the time of the 07 C 1794 case, and FMI knew of the claim then, *res judicata* would bar that claim against Gelfand here.

FMI's argument concerning the new defendants also confirms that this action should be stayed. FMI cites no authority supporting its argument that the potential for an appeal of the prior case causes undue delay. To the contrary, none of the courts in the numerous cases cited herein and in defendants' opening brief considered the potential for an appeal as a factor weighing against staying the action. If anything, the fact that the prior decision may be appealed is all the more reason to stay this case because allowing it to proceed could result in a second, unnecessary appeal of the decisions made by this Court.

Finally, FMI's argument that the Court should not stay the proceedings due to procedural concerns is also unavailing. FMI cites to no case law authority to support its position. Also, FMI's complaint that Hosto & Buchan and Harris & Zide's motion includes additional argument is perplexing; rather than responding to the purported additional argument, FMI merely points to it as a basis for denying the motion to stay. FMI has failed to provide this Court with any basis to deny defendants' motion to stay.

**CONCLUSION**

For the foregoing reasons, defendants, Law Offices of Ross Gelfand, LLC; R & B Collections, Inc.; Hosto, Buchan, Prater & Lawrence, PLLC, as Successor in Interest to Hosto & Buchan; Law Offices of Harris & Zide; Regent & Associates, LLP; and James D. Cortez, respectfully request entry of an order staying the proceedings until the resolution of case number 07 C 1794 pending before Judge Suzanne B. Conlon and for any other relief this Court deems necessary and proper.

Dated: April 15, 2008

Respectfully submitted,

LAW OFFICES OF ROSS GELFAND, LLC; R & B COLLECTIONS, INC.; HOSTO, BUCHAN, PRATER & LAWRENCE, PLLC, AS SUCCESSOR IN INTEREST TO HOSTO & BUCHAN; LAW OFFICES OF HARRIS & ZIDE; REGENT & ASSOCIATES, LLP; AND JAMES D. CORTEZ

By:   s/ Edward E. Fu
      One of their attorneys

John J. Duffy
Karen Kies DeGrand
Charles S. Ofstein
Edward E. Fu
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:   (312) 422-0900
Facsimile:   (312) 422-0909

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2008, I electronically filed defendants' **Reply in Support of Their Motion to Stay the Proceedings** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which sent notification of such filing to the counsel of record set forth below.

**SERVICE LIST**

Wayne D. Rhine
Friedman & Wexler, LLC
500 West Madison Street, Suit 2910
Chicago, IL  60661
wrhine@friedmanandwexler.com

        s/ Edward E. Fu
        Edward E. Fu (edward.fu@dbmslaw.com)
        DONOHUE BROWN MATHEWSON & SMYTH LLC
        140 South Dearborn Street, Suite 800
        Chicago, IL  60603
        Telephone:    (312) 422-0900
        Facsimile:     (312) 422-0909