# Exhibit 1

```
                                                                    1

 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
     FM. INDUSTRIES, INC., an Illinois  )
 4   corporation,                       )
                                        )
 5             Plaintiff,               )
                                        )
 6             vs.                      )   No. 08 C 517
                                        )
 7   THE LAW OFFICES OF ROSS GELFAND,   )
     LLC., et al.,                      )   Chicago, Illinois
 8                                      )   May 15, 2008
               Defendants.              )   9:30 A.M.
 9
                 TRANSCRIPT OF PROCEEDINGS - Motion
10           BEFORE THE HONORABLE JOAN HUMPHREY LEFKOW

11   APPEARANCES:

12   For the Plaintiff:        FRIEDMAN & WEXLER, LLC
                               500 West Madison Street
13                             Suite 2910
                               Chicago, Illinois  60661
14                             BY:  MR. WAYNE DONALD RHINE

15
     For the Defendants:       DONOHUE, BROWN, MATHEWSON & SMYTH
16                             140 South Dearborn Street
                               Suite 800
17                             Chicago, Illinois   60603
                               BY:  MR. JOHN J. DUFFY
18

19
                     PAMELA S. WARREN, CSR, RPR
20                      Official Court Reporter
                       219 South Dearborn Street
21                            Room 1928
                        Chicago, Illinois   60604
22                         (312) 294-8907

23

24

25
```

1      (Proceedings had in open court.)
2         THE CLERK:  08 C 517, FM. Industries versus Law
3  Offices of Ross Gelfand.
4         MR. DUFFY:  Good morning, your Honor.  John Duffy on
5  behalf of defendants Gelfand, Harris & Zide, and Hosto, Buchan.
6         THE COURT:  Good morning.
7         MR. RHINE:  Good morning, your Honor.  Wayne Rhine,
8  R-h-i-n-e, on behalf of plaintiff in this matter.
9         THE COURT:  All right.  Good morning.
10         All right.  This is motion for leave to file amended
11  verified complaint.  Is that opposed?
12         MR. DUFFY:  The motion to file the complaint is not,
13  your Honor.
14         The only thing that we would oppose is the filing of a
15  couple of the exhibits, which are Q, S, and T.  These are what
16  are referred to as collector activity reports.  They
17  contain -- I represent law firms that have been hired by
18  Citibank to collect debts by filing lawsuits against people who
19  haven't paid their credit card bills.
20         The Q, R, and T are from my clients's computer files
21  showing work that they are doing on the matter.  That was not
22  given to FMI; it was taken from us.  And because it involves
23  attorney-client privilege and work product, we object to the
24  filing of that in a public record.
25         One of the things that FM has done, at least in this

1  case, as opposed to the other case, they have redacted the
2  debtors's names and their account numbers out of these filings,
3  which, obviously, preserves their confidentiality.
4       However, if you will take a moment to look, for
5  example, on Exhibit Q, this is the Hosto and Buchan --
6       THE COURT:  Yes.
7       MR. DUFFY:  -- activity report.  And I will just go to
8  the first page.  This is a collector activity report.  The date
9  range is July 10 of 2005 to January 1 of 2008 for a woman named
10 Jessica Withers.  You'll see that there is various codes.  The
11 client name has been redacted, an account number has been
12 redacted, and an account name has been redacted.  There is
13 balances and so on and so forth.
14      But then you will see there is a transaction
15 narrative, and that is the actual notes of the people working
16 the file at my attorneys's office.  That's work product.
17      It is also attorney-client privilege because the
18 material would go electronically through the software.  FM was
19 effectively a software vendor.
20      It would go from the computer at my law firm's office
21 to the client.  And FM was effectively just a service
22 provider.
23      And they have taken this and now filed it in the
24 court.  So we object to the filing of Exhibits Q, R, and T
25 because they represent effectively internal files of my law

1  firms.
2          THE COURT: Okay.
3          MR. RHINE: Judge, in response, we can redact all of
4  that. The file is under seal if that would further satisfy
5  counsel's --
6          THE COURT: Well, I would suggest even further that
7  this is a complaint. It looks like you're filing evidence with
8  the complaint.
9          So all you need under Rule 8 is a short -- you know,
10 statement of jurisdiction, a short and plain statement of the
11 case, and a demand for relief.
12         So I'll give you leave to file. If you want to file
13 the underlying contract with your complaint, that's fine. But
14 all this other stuff I don't want it in the --
15         MR. RHINE: All right. We will --
16         THE COURT: -- it is just extraneous.
17         MR. RHINE: We will re-file it omitting the offending
18 documents, your Honor.
19         THE COURT: Okay. Well, even more than that. Take a
20 look at it in light of what I just said.
21         MR. RHINE: Will do, your Honor.
22         THE COURT: Okay.
23         MR. DUFFY: There has been a development in the other
24 case, your Honor, where FM has also filed a copyright action
25 against Ross Gelfand. Judge Conlon entered a dismissal with

1  prejudice on May the 6th, I believe it was.  And that dismissal
2  was for the remaining portions of the equitable claims FM.
3  Industries had against Mr. Gelfand and his law firm.  That does
4  impact the pending motion to stay depending on what FM Industry
5  wants to do.
6       And I have spoken with Mr. Rhine before court this
7  morning, and I don't want to speak for him, but I believe they
8  are going to file a motion to reconsider before Judge Conlon.
9  And they have not made a decision -- I will let him speak,
10 obviously -- on whether or not they are going to appeal.  And I
11 think that affects the current motions before your Honor.
12      MR. RHINE:  We are going to file a motion to
13 reconsider Judge Conlon's ruling of the 6th.  The issue then
14 becomes the question of appeal.  That is still being discussed
15 between myself and the client.
16      And it is still a possibility, but I cannot give you a
17 definitive answer as of today concerning that.  But there will
18 be a motion to reconsider filed shortly before Judge Conlon.
19      THE COURT:  Now is this the same issue in this case or
20 issues?
21      MR. RHINE:  Yeah, they are similar, but not the same.
22 This lawsuit involves Gelfand but in a little different
23 manner.
24      Also it involves an entity known as R&B Collections,
25 Inc., which was not a party to the original lawsuit.  That is a

collection agency, the principal of which is Mr. Ross Gelfand. And it is our contention that R&B was using the T.U.C.A.N.S. system without any license whatsoever.

The other law firms that are named were not parties in the previous case pending -- that was pending before Judge Conlon.

THE COURT: But as to the issues of fact and law, are they --

MR. RHINE: They are different, Judge.

THE COURT: They are different.

MR. RHINE: Counsel will disagree with me that --

MR. DUFFY: That's where the rub is. You may have seen the motion to transfer based on relatedness. The complaints are almost verbatim the same.

THE COURT: I have a motion to transfer?

MR. DUFFY: There was one that we filed on behalf of Gelfand to transfer to Judge Conlon based on relatedness. She had the lower numbered case, and she denied the motion.

THE COURT: Oh, okay. Well --

MR. DUFFY: So that's why we're here.

But they are almost the verbatim same. They involve, as to Gelfand, identical issues, I can represent that.

R&B is an affiliate of the law firm itself. We believe that both of those causes of action now are going to be

1  disposed of by res judicata.
2       And the other issue relative to the other law firms
3  that I represent, there are numerous legal defenses that we can
4  raise that also involve part of the decisions made by Judge
5  Conlon.  But if they are going to appeal or they are going to
6  continue to try and seek reconsideration from Judge Conlon, I
7  would respectfully submit that we continue with the decision on
8  the motion to stay.
9       MR. RHINE:  I would have no problem with that.  Of
10 course, I differ with counsel's interpretation, but I would
11 have no problem, your Honor, continuing the stay while we
12 resolve the issue of reconsideration and the possibility of an
13 appeal.
14      I would imagine the issue of reconsideration would be
15 determined fairly soon, your Honor.
16      THE COURT:  All right.  So the motion to stay is
17 pending.  But now am I hearing that you will agree to the stay,
18 at least temporarily?
19      MR. RHINE:  That is correct, your Honor.  Depending on
20 what happens before Judge Conlon, that is correct.
21      THE COURT:  So I will then grant the motion to stay
22 without prejudice to a motion to lift the stay.  Okay?  And --
23 whenever you feel it is appropriate.
24      Okay.  Now leave to file the complaint has now been
25 granted, so we'll need time for you to plead to this complaint,

8

1  for the defendant to plead.
2          So is 20 days sufficient?
3          MR. DUFFY:  I think the response we would file to the
4  complaint would be substantive motions.  And given their
5  agreement to stay the action, I would --
6          THE COURT:  Oh, well.
7          MR. DUFFY:  -- hopefully wrap the stay and --
8          THE COURT:  Okay.  Then let's have a status at some
9  time.
10         60 days, is that all right?
11         MR. RHINE:  That would be fine, your Honor.
12         MR. DUFFY:  Okay.
13         THE COURT:  Okay.  July 17th at 9:30.
14         MR. RHINE:  Very good, your Honor.
15         MR. DUFFY:  Thank you, your Honor
16      (Which concluded the proceedings in the above-entitled
17  matter.)
18                    C E R T I F I C A T E
19
20      I hereby certify that the foregoing is a transcript of
21  proceedings before the Honorable Joan Humphrey Lefkow on
22  May 15, 2008.
23  DATED:  June 4, 2008
24
25